UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SCOTT EBERLE,

                      Plaintiff,

      -against-

THE TOWN OF SOUTHAMPTON, THE
SOUTHAMPTON TOWN POLICE
DEPARTMENT, JAMES OVERTON,
WILLIAM WILSON, DETECTIVE STEVEN
MILLER AND UNKNOWN JOHN AND
JANE DOE SUPERVISORS, DETECTIVES
AND POLICE OFFICERS EMPLOYED BY
THE TOWN OF SOUTHAMPTON,

              Defendants.
-------------------------------------------------------------X

**FILED**
**CLERK**
11/27/2013 8:45 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

MEMORANDUM OF
DECISION AND ORDER
12-CV-04472 (ADS)(ARL)

**APPEARANCES:**

**Bader Yakitis and Nonnenmacher**
*Attorneys for the Plaintiff*
350 Fifth Avenue
Ste. 7210
New York, NY 10118
    By:  John Joseph Nonnemacher, Esq., Of Counsel

**Devitt Spellman Barrett, LLP**
*Attorneys for the Defendants*
50 Route 111
Smithtown, NY 11787
    By:  Jeltje DeJong, Esq.
         Kelly E. Wright, Esq., Of Counsel

**SPATT, District Judge**.

    On September 7, 2012, the Plaintiff Scott Eberle (the "Plaintiff") commenced this action against the Defendants the Town of Southampton, the Southampton Town Police Department, Police Chief James Overton, Police Chief William Wilson, Detective Steven Miller, and John and Jane Doe Supervisors, Detectives and Police Officers employed by the Town of

Southhampton (collectively the "Defendants").  This action arises from an incident on August 3, 2011while the Plaintiff was in the custody of the Southampton Town Police.

As gleaned from the complaint, the Plaintiff asserts causes of action sounding in (1) assault and battery; (2) deprivation of federal constitutional rights under 42 § U.S.C. 1983; (3) failure to train, supervise, or discipline; (4) deprivation of constitutional rights under the New York State Constitution; (5) negligence; (6) negligent retention and hiring; and (7) intentional infliction of emotional distress.  The Plaintiff seeks compensatory and punitive damages as well as declaratory relief.

On October 16, 2012, the Defendants answered the complaint.  Discovery followed.

On July 10, 2013, United States Magistrate Judge Arlene R. Lindsay set a deadline of August 9, 2013 for any amendment of pleadings.  The Plaintiff's counsel alleges that, due to a clerical error, he mistakenly diaried that date as August 29, 2013.

On August 20, 2013, the Plaintiff made a letter motion, addressed to Judge Lindsay, to amend the complaint to substitute Detective Robert Stabile for Detective Steven Miller.  The Plaintiff attached the proposed amended complaint containing the amended caption.  On August 22, 2013, this Court directed that the Plaintiff, should he wish, file a formal motion in accordance with the Court's individual rules.

Thereafter, on September 3, 2013, the Plaintiff formally moved pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to amend the complaint to substitute Stabile for Miller.  The Plaintiff asserts that while he was previously under the impression that Miller had been involved in the alleged assault and battery, during the course of discovery the Plaintiff confirmed that Stabile and not Miller had, in fact, been involved in the underlying

2

events.  The Plaintiff suggests that he confirmed this information when a Use of Force Report, dated August 3, 2011, was marked as an exhibit during Stabile's deposition on July 3, 2013.

The Defendants oppose the Plaintiff's motion to amend as untimely, futile, and prejudicial.  The Defendants note that while their February 4, 2013 disclosures identified Stabile as the officer involved in the alleged assault and battery, the Plaintiff did not move to substitute Stabile for Miller until August 20, 2013.  For the reasons set forth, the motion to amend is granted in part and denied in part.

## I. DISCUSSION

A. Rule 16's Good Cause Requirement

"Rule 16(b)'s 'good cause' standard governs motions to amend filed after the deadline the court has set for amending pleadings, rather than the more liberal standard set forth in Rule 15(a) for motions to amend generally." Bizouati v. City of New York, 2008 WL 753886, at *1 (E.D.N.Y. Mar. 19, 2008) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)); see also Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (after entry of a scheduling order, "the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the court's scheduling order 'shall not be modified except upon a showing of good cause' ").  By limiting the time for amendments, Rule 16 "is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker, 204 F.3d at 339-40 (internal quotation marks and citations omitted).  Allowing the pleadings to be amended past the court-ordered deadline without a showing of good cause "would render scheduling orders meaningless." Id. (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)).  Thus, a party seeking to amend a complaint after the Rule 16(b) deadline to

3

do so has lapsed must first establish good cause to modify that deadline. See Hogan v. J.P. Morgan Chase Bank, 2008 WL 4185875, at *2 (E.D.N.Y. Sept. 4, 2008).

B.  Rule 15

If good cause supports modifying the court-ordered deadline to amend, the moving party must still comply with Fed. R. Civ. P. 15.  Under that rule, a court should deny leave to amend only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], . . . undue prejudice to the [nonmoving party,] . . . [or] futility." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603–04 (2d Cir. 2005) (applying the Foman standard to a motion to amend pursuant to Rule 15(a)).  The party opposing the motion bears the burden of establishing that an amendment would be prejudicial or futile. See Blaskiewicz v. Cnty. of Suffolk, 29 F.Supp.2d 134, 137–38 (E.D.N.Y. 1998).  A proposed amendment is futile if the proposed claim could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002).  Ultimately, it is "within the sound discretion of the court whether to grant leave to amend." John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

C.  The Application of Rule 15 and 16 to Plaintiff's Motion to Amend

As noted above, the Plaintiff's counsel alleges that, due to a clerical error, he mistakenly diaried the court-ordered August 9, 2013 deadline to amend the pleadings as August 29, 2013. Based on this misunderstanding, on August 20, 2013, the Plaintiff's counsel made a letter motion to amend the complaint to substitute Stabile for Miller.

In the Court's view, the Plaintiff has satisfied Rule 16(b)(4).  Pursuant to that rule, "[a] schedule may be modified only for good cause and with the judge's consent."  Good cause

requires a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." Fermin v. Toyota Material Handling, USA, Inc., No. 10–3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (internal citation and quotation omitted). "Whether 'good cause' exists under Rule 16 'depends on the diligence of the moving party.'" Id. (internal citation omitted); Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) ("[I]f the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading.").

In this case, the Court finds that the Plaintiff acted diligently in that only eleven days passed after the scheduling order deadline expired before Plaintiff moved, albeit by improper procedure, to substitute Stabile for Miller. Also, the Plaintiff's procedurally proper motion was filed on September 4, 2013, 5 days before the scheduled discovery cut-off date.

Further, the Court notes that, in exercising its discretion under Rule 16(b), it "may [also] consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007); see also Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009) (affirming denial of motion to amend where plaintiff failed to establish good cause and stating that the lenient standard under Rule 15(a) "must be balanced against" Rule 16(b)'s good cause requirement) (quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003); but see Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co., No. 9–6259, 2011 WL 6303258, at *5 (D.N.J. Dec. 16, 2011)("[t]he absence of prejudice does not constitute good cause.") In this regard, the Defendants likely knew the identity of Stabile and Stabile has

5

already been deposed. Therefore, the Court finds the Defendants will not suffer prejudice in the legal sense by the proposed amendment.

Thus, the Court finds that the Plaintiff has established "good cause" for substituting Stabile for Miller, particularly given the Plaintiff's diligence and the lack of prejudice to the Defendants.

### D. In Any Event, the Plaintiff's State Law Claims are Time-Barred

Under New York law, in order to bring state law claims against a municipality, a plaintiff must file a Notice of Claim within ninety days after accrual of the claim, describing the nature of each claim in compliance with Section 50–e of the General Municipal Law. See Canessa v. County of Suffolk, No. 09–CV–3256 (ADS)(ETB), 2010 WL 1438822, at *1 (E.D.N.Y. Apr. 10, 2010); Field Day, LLC v. County of Suffolk, No. 2:04–CV–02202 (DRH)(ETB), 2010 WL 1286622, at *1, n. 2, 3, *5 (E.D.N.Y. Mar. 25, 2010). This requirement is mandatory in Federal Court and failure to comply results in dismissal of claims. Yang Feng Zhao v. City of New York, 656 F. Supp. 2d 375, 404 (S.D.N.Y. 2009) (dismissing claims where the Plaintiff failed to file a timely notice of complaint). Further, this requirement applies with full force to the Plaintiff's causes of action sounding in unreasonable search and seizure and excessive force under the New York State Constitution. Pierce v. Vill. of Horseheads Police Dep't, 107 A.D.3d 1354, 1358, 970 N.Y.S.2d 95, 100 (3rd Dep't 2013) (lack of timely notice of claim meant that plaintiff could not prevail in her cause of action alleging a state constitutional tort against county defendant); compare Mills v. Cnty. of Monroe, 89 A.D.2d 776, 453 N.Y.S.2d 486, 486 (4th Dep't 1982) (finding § 50–i is confined to "tort claims for personal injury, wrongful death, or damage to property and not to torts generally" so notice of claim requirement does not extend to civil rights claim for discrimination under New York Executive Law § 296); Dimonda v. NYC Police Dept.,

6

No. 94 CIV. 0840 (JGK), 1996 WL 194325, at *5–6 (S.D.N.Y. Apr. 22, 1996) (summarizing cases and holding application of section 50–i limited to specific torts claims and not to claims under New York Human Rights Law).

Here, the Plaintiff fails to plead that he served a notice of claim upon Stabile.

Under New York law, courts have discretion to "extend the time to serve a notice of claim specified in paragraph (a) of subdivision one of this section." N.Y. Gen. Mun. Law § 50–e(5).  In this district, "[t]here is an open question as to whether a federal district court, as opposed to a state supreme court or a county court, has jurisdiction to permit the amendment of a notice of claim." Parise v. New York City Dept. of Sanitation, No. 03–CV–1673 (DLI)(KAM), 2007 WL 2746912, at *7 (E.D.N.Y. Sept. 19, 2007) (brackets and internal quotation marks omitted) (citing Corcoran v. New York Power Auth., 202 F.3d 530, 540 (2d Cir. 1999)). Nevertheless, the "overwhelming weight of authority among district courts in the Second Circuit" suggests that "only certain state courts –'the supreme court or . . . the county court' in certain counties – [have the power] to consider and to grant an application for an extension of time" to file a late notice of claim. Humphrey v. County of Nassau, 2009 WL 875534, No. 06–CV–3682 (JFB)(AKT), at *21 (E.D.N.Y. Mar. 30, 2009) (collecting cases).

In this case, even if the Court possessed this authority, "the Plaintiffs' request for leave to file a late notice of claim [falls] outside of the Court's area of discretion," Riverhead Park Corp. v. Cardinale, 881 F. Supp. 2d 376, 382 (E.D.N.Y. 2012) because any "extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation." N.Y. Gen. Mun. Law § 50–e(5).  Thus, if the applicable statute of limitations has not tolled and has expired, the court lacks jurisdiction to grant an extension. Kingsley Arms, Inc. v. Copake–Taconic Hills Cent. Sch. Dist., 9 A.D.3d 696, 780 N.Y.S.2d 805, 807 (3d Dep't

7

2004); see also Stevens v. Bd. of Educ. of McGraw Cent. Sch. Dist., 261 A.D.2d 698, 699, 689 N.Y.S.2d 730, 730 (3d Dep't 1999). "To permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the court to grant an extension which exceeds the Statute of Limitations, thus rendering meaningless that portion . . . which expressly prohibits the court from doing so." Pierson v. City of New York, 56 N.Y.2d 950, 955, 439 N.E.2d 331, 333, 453 N.Y.S.2d 615, 617 (1982) (holding that a court may not grant a late notice of claim under the Gen. Mun. Law after the Statute of Limitations has expired).

Here, the relevant statute of limitations is one year and 90 days, and no grounds for tolling is apparent on this record. General Municipal Law § 50-i. Measured from when the state law causes of action accrued – August 3, 2011 – the Plaintiff's proposed state law claims against Stabile are time-barred. Therefore, the Plaintiff's request for leave to amend the complaint to add state law causes of action against Stabile is also denied as futile.

However, "New York State notice of claim requirements do not apply to claims brought pursuant to Section 1983." Fanelli v. City of New York, 13 CIV. 1423 (KBF), 2013 WL 6017904, at *5 (S.D.N.Y. Nov. 1, 2013); see also Day v. Moscow, 955 F.2d 807, 814 (2d Cir. 1992) (noting that notice of claim provisions are not applicable to Section 1983 claims brought in federal court). Thus, given the absence of undue prejudice to the Defendant, Court finds that the Plaintiff's federal claims against Stabile may proceed forward.

As a final matter, in the Defendants' opposition papers, they purport to make a "cross motion" to dismiss the action as against Overton and the John and Jane Doe officers. This "cross motion" is procedurally improper because no notice of motion was provided. Local Civil Rule 7.1. In this regard, if the Defendants choose, they are directed for file a formal motion in accordance with the Court's individual rules.

8

## II. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED,** that the Plaintiff's motion to amend the complaint is granted to the extent the Plaintiff raises federal claims against Detective Stabile; and it is further

**ORDERED,** that the Plaintiff's motion to amend the complaint is otherwise denied; and it is further

**ORDERED,** that, to the extent Defendants cross-move to dismiss the action as against Overton and John and Jane Doe officers, that motion is denied as procedurally improper. If they choose, the Defendants are directed to file a formal motion with a notice of motion in accordance with the Court's individual rules.

**SO ORDERED.**
Dated: Central Islip, New York
November 27, 2013

                                                      *Arthur D. Spatt*
                                                      ARTHUR D. SPATT
                                                   United States District Judge