UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SCOTT EBERLE,

                        Plaintiff,

                -against-                            **ORDER**
                                                          CV 12-4472 (ADS)(ARL)

THE TOWN OF SOUTHAMPTON, et al.,

                        Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's request for permission to conduct the non-party deposition of Ralph Oswald after the close of discovery, and the defendants' opposition to that motion. The plaintiff contends that the deposition is necessary because the defendants have disclosed, for the first time, that Mr. Oswald's account of the underlying incident contradicts the plaintiff's account of the incident. The plaintiff notes, in this regard, that although the defendants listed Mr. Oswald as a potential witness in their automatic disclosure, the nature of his testimony was not disclosed until the defendants served the plaintiff with their Rule 56.1 Statement. Although the court will grant the plaintiff permission to take the deposition, the court finds the plaintiff's account of the events somewhat disingenuous.

      In December 2012, the defendants served the plaintiff with their automatic disclosure, which listed Mr. Oswald, a volunteer EMT who examined the plaintiff at the police department. The plaintiff immediately served Mr. Oswald with a subpoena. Thereafter, the plaintiff canceled Mr. Oswald's deposition twice and failed to reschedule it. In November 2013, the parties submitted a joint proposed pretrial order, which again listed Mr. Oswald as a defense witness. However, the defendants did fail to include a description of his anticipated testimony. In February, four months after the close of discovery, the defendants supplemented their automatic disclosure with, among other things, Mr. Oswald's patient care report.

      Although the nature of Mr. Oswald's testimony may not have been fully disclosed until recently, the plaintiff must share in the blame for this failing. Nonetheless, the plaintiff should be permitted to take the deposition especially given the fact that the summary judgment motion has yet to be briefed. Accordingly, the plaintiff may subpoena Mr. Oswald for a deposition to take place, at his convenience, on or before March 19, 2014. If necessary, the defendants may revise their rule 56.1 Statement based on Mr. Oswald's testimony and serve a copy on the plaintiff on or before April 2, 2014.

Dated: Central Islip, New York
           February 27, 2014

                                                            **SO ORDERED:**

                                                            _____/s/_____
                                                             ARLENE R. LINDSAY
                                                            United States Magistrate Judge