UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SCOTT EBERLE,

                Plaintiff,                **DECISION AND ORDER**
                                                  12-CV-4472 (ADS)(ARL)

        -against-

THE TOWN OF SOUTHAMPTON, THE
SOUTHAMPTON TOWN POLICE
DEPARTMENT, JAMES OVERTON,
WILLIAM WILSON, DETECTIVE ROBERT
STABILE AND UNKNOWN JOHN AND
JANE DOE SUPERVISORS, and
DETECTIVES AND POLICE OFFICERS
EMPLOYED BY THE TOWN OF
SOUTHAMPTON,

                Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Bader Yakitis and Nonnenmacher**
*Attorneys for the Plaintiff*
350 Fifth Avenue
Ste. 7210
New York, NY 10118
    By: John J. Nonnemacher, Esq., Of Counsel

**Devitt Spellman Barrett, LLP**
*Attorneys for the Defendants*
50 Route 111
Smithtown, NY 11787
    By: Jeltje DeJong, Esq.
        Kelly E. Wright, Esq., Of Counsel

**SPATT, District Judge**.

    Familiarity with the factual and procedural history of this case is presumed. Jury

selection is scheduled for March 16, 2015 at 9:00 a.m.

    On September 7, 2012, the Plaintiff Scott Eberle (the "Plaintiff") commenced this action,

1

which arises from an incident which occurred on August 3, 2011 while the Plaintiff was in the custody of the Southampton Town Police. This action was commenced against the Defendants the Town of Southampton, the Southampton Town Police Department, Police Chief James Overton, Police Chief William Wilson, Detective Steven Miller, and John and Jane Doe Supervisors, Detectives and Police Officers employed by the Town of Southampton.

On October 30, 2013, all discovery, inclusive of expert discovery, was closed.

On November 8, 2013, the parties filed a proposed joint pre-trial order (the "JPTO").

On November 12, 2013, United States Magistrate Judge Arlene R. Lindsay approved the JPTO and returned the case to this Court for final disposition.

On December 19, 2013, consistent with this Court's Memorandum of Decision and Order dated November 27, 2013, the Plaintiff filed an amended complaint, substituting Detective Robert Stabile for Detective Steven Miller.

On February 20, 2014, the Plaintiff moved to conduct a non-party deposition of Ralph Oswald.

On February 27, 2014, Judge Lindsay granted that motion.

Presently pending before the Court is a motion, filed on January 26, 2015, by the Defendants for leave to amend the JPTO, which, as noted above, was filed and approved in November 2013. The Defendants seek to (1) supplement their list of trial witnesses by adding certain Town employees concededly not included in their Rule 26 disclosures, namely Susan Sinclair, Aida Davila, Regina Dizinno, and Todd Spencer and (2) remove all references and documents relating to claims voluntarily dismissed by the Plaintiff by a stipulation entered on December 1, 2014. That part of the motion seeking to remove all references and documents

relating to claims voluntarily dismissed by the Plaintiff by a stipulation entered December 1, 2014 is unopposed and is granted. The balance of the motion is denied.

## I. DISCUSSION

A motion to amend a pretrial order is governed by Rule 16(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 16(e). This provision states that "[t]he court may modify the [pretrial] order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Further, of relevance here, the Court's Individual Rules provide that "[o]nly listed witnesses [in the JPTO] will be permitted to testify except when prompt notice has been given and good cause shown." Rule V(A)(g).

Despite the language of Fed. R. Civ. P. 16, the Second Circuit has made clear that "a district court has significant discretion in determining how to apply" its terms. Helena Assocs., LLC v. EFCO Corp., No. 06 Civ. 086 (PKL), 2009 WL 2355811, at *2 (S.D.N.Y. July 29, 2009); see e.g., Henry v. Department of Transp., 69 Fed. App'x. 478, 481 (2d Cir. 2003)("The decision to permit amendment of the proposed joint pretrial order rests within the discretion of the Court and should be granted when 'the interests of justice make such a course desirable.'")(quoting Madison Consultants v. Federal Deposit Ins. Corp., 710 F.2d 57, 62 n. 3 (2d Cir. 1983)); HBE Leasing Corp. v. Frank, 22 F.3d 41, 45 (2d Cir. 1994)("A trial court is given broad discretion in managing a trial, and this discretion includes a certain amount of latitude to deviate from the terms of the pretrial order." (internal citations omitted)); Clark v. Pennsylvania R.R. Co., 328 F.2d 591, 594 (2d Cir. 1964)("[I]t is a fundamental principle of pretrial that this procedure be flexible, with power reserved to the trial judge to amend the order or permit a departure from strict adherence to the pre-trial statements of either party, when the interests of justice make such a course desirable."); Santrayll v. Burrell, No. 91 Civ. 3166, 1998

3

U.S. Dist. LEXIS 586, at *7–8 (S.D.N.Y. Jan. 22, 1998)("'Motions to reopen or to modify a pretrial order are addressed to the sound discretion of the trial judge.'" (quoting Bradford Trust Co. v. Merrill Lynch Fierce, Fenner, and Smith, Inc., 805 F.2d 49, 52 (2d Cir. 1986))).

To determine whether an amendment of a pretrial order is appropriate, a court should balance "the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." Laguna v. Am. Export Isbrandsten Lines, Inc., 439 F.2d 97, 101 (2d Cir. 1971) (quoting 3 J. Moore, Federal Practice & Procedure ¶ 16.20 at 1136 (3d ed. 1968)). "The principal consideration is the degree of prejudice faced by the respective parties." Encyclopedia Brown Prods. V. Home Box Office, Inc., No. 91 Civ. 4092 (PKL)(MHD), No. 93 Civ. 1307 (PKL)(MHD), 1999 WL 126460, at *2 (S.D.N.Y. March 10, 1999).

The Second Circuit has set forth the relevant factors to consider in determining whether a pretrial order should be amended:

> (1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (4) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliance party. Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result.

Potthast v. Metro–North R.R. Co., 400 F.3d 143, 153 (2d Cir. 2005)(citing RAPCO, Inc. v. Comm'r, 85 F.3d 950, 953 (2d Cir. 1996)); see id. at 156 (reaffirming the need for district courts to allow flexibility in allowing revisions to pretrial orders); Vogelfang v. Riverhead Cnty. Jail, No. 04 Civ. 1727 (SJF)(AKT), 2012 WL 1450560, at *11 (E.D.N.Y. Apr. 19, 2012). The overarching principle in this regard is that "Rule 16 was not intended to function as an inflexible straitjacket on the conduct of litigation or to produce an abstract, perfect equivalence between the pretrial papers and the course of litigation; instead, it was intended to insure the efficient

resolution of cases and, most importantly, minimize prejudicial surprise." Lamborn v. Dittmer, 873 F.2d 522, 527 (2d Cir. 1989).

However, "though 'a court may permit the pretrial order to be amended when the danger of surprise or prejudice to the opposing party is small and a failure to amend might result in an injustice to the moving party . . . if the evidence or issue was within the knowledge of the party seeking modification at the time of the [pretrial] conference . . . then it may not be allowed.'" Potthast, 400 F.3d at 153 (quoting 6A Wright & Miller, Federal Practice and Procedure § 1527 (2d ed. 1990))(alterations in original); see also Katt v. City of N.Y., 151 F. Supp. 2d 313, 346 (S.D.N.Y. 2001)( "Finding a waiver pursuant to Rule 16(e) is particularly appropriate where . . . a party knew or should have known of an issue . . . yet failed to raise the issue either in a pretrial order or at the final pretrial conference." (emphasis in original)). A final pre-trial order "is not to be changed lightly . . . [and][t]hat which is not alleged in the Pre–Trial Order is generally deemed waived." Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc., No. 01 Civ. 3796 (PKL), 2005 WL 1026515, at *6 (S.D.N.Y. May 2, 2005).

When a court evaluates whether prejudice to the opposing side will flow from allowing the amendment, the Court must consider "whether the amendment is sought in the midst of trial or on the eve of trial." Finnish Fur Sales Co. Ltd. v. Furs Unlimited, Inc., No. 89 Civ. 6284, 1992 U.S. Dist. LEXIS 2390, at *3 (S.D.N.Y. Mar. 4, 1992)(internal citations omitted). "However, because the primary purpose of Rule 16 is to minimize prejudicial surprise during trial, . . . even an amendment sought at the last minute due to the movant's lack of diligence may be allowed if it does not significantly prejudice the opposing party." Helena, 2009 WL 2355811, at *3; see e.g., Finnish Fur., 1992 U.S. Dist. LEXIS 2390, at *4 (allowing an amendment to a party's

5

factual allegations in the pre-trial order at "the eleventh hour" where party's lack of diligence was balanced against the absence of any significant prejudice to the opposing party).
In sum, a trial court will typically amend the pretrial order when "no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." SEC v. U.S. Envtl., Inc., No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19839, at *4 (S.D.N.Y. Oct. 17, 2002)(citing Fed. R. Civ. P. 16 advisory committee's note).

In this case, the Defendants seek to amend a JPTO that was filed and approved in November 2013. The entirety of the Defendants' description of the testimony that the heretofore undisclosed witnesses will give is as follows: "These witnesses will establish that plaintiff was not observed to be in any distress while he was being detained and awaiting arraignment, and that the Town did not fail to provide plaintiff with any necessary treatment or assistance." (Docket No. 45-5, at 8.) The Court notes that this general description is not supported by a declaration, either from the Defendants' counsel or any of those proposed witnesses.

According to the Defendants' counsel, they inadvertently failed to include the proposed witnesses "due to substantial proceedings which occurred following the submission of the parties JPTO (including amendment of the complaint, additional depositions and discovery exchanges)." (Docket No. 45-5, at 1.) However, it is unclear how proceedings following the filing of the JPTO explain their failure to include these witnesses in the JPTO in the first place.

The Defendants further contend that the names of the proposed witnesses were readily apparent from the documents exchanged in discovery. However, the document containing the witnesses' names is dated November 11, 2012 and refers to events from August 3, 2011 and August 4, 2011, so the Defendants were aware or should have been aware of these witnesses

6

more than three years ago. In any event, the references to these individual names in discovery documents did not necessarily put the Plaintiff on notice that the Defendants intended to call any of them at the trial.

In terms of prejudice, the Court notes again that jury selection is scheduled for less than one month away, on March 16, 2015 at 9:00 a.m. Although the Defendants filed the present motion on January 26, 2015, they knew that the Plaintiff had 14 days, pursuant to Fed. R. Civ. P. 6 and Local Civil Rule 6.1, to respond to the motion.

The Defendants represent that these proposed witnesses will be voluntarily produced without the need for subpoenas and that depositions "could certainly be accomplished in a day." (Doc No. 48, at 2.) Even if this is true, the Defendants fail to account for (1) the way in which any such depositions will affect the Plaintiff's trial strategy at this late date and (2) the possibility that, as a result of the testimony of these witnesses, the Plaintiff may need further discovery for rebuttal evidence, thereby resulting in prolonging the proceedings. Newby v. News Mkt., Inc., 170 F. App'x 204, 206 (2d Cir. 2006("a district court may properly guard against the deadline slippage that might be expected from a last-minute pretrial-order amendment.").

Under these circumstances, the Court finds that, contrary to the Defendants' contentions, the proposed amendment to the JPTO to add these four individuals as potential witnesses would disrupt the orderly and efficient progression of this case. Cf. See Mandari no v. Mandari no, 408 Fed. App'x 428, 432 (2d Cir. 2011)("This is not a case in which Appellant was presented with proposed defense witnesses on the eve of trial; to the contrary, the district court permitted the Defendants' amendment of the pretrial order more than three and a half months prior to the hearing"); Giannone v. Deutsche Bank Secs., Inc., No. 03 Civ. 9665 (WHP), 2005 WL 3577134, at *2 (S.D.N.Y. Dec. 30, 2005)(granting leave to amend a pretrial order to include an additional

7

witness and additional exhibits, and "[i]n so doing, . . . not[ing] that there is ample time before trial for Giannone to cure any minimal prejudice that may inure to her as a result of such an amendment.").

Further, permitting the witnesses to testify, but adjourning the trial date for this case, commenced in 2012, would itself prejudice the Plaintiff who, like the Defendants, have relied on the witness list contained in the JPTO for more than a year.

The decision in Mhany Mgmt. Inc. v. Inc. Vill. of Garden City, No. 05-CV-2301 (ADS)(WDW), 2013 WL 1821113, at *5 (E.D.N.Y. Apr. 29, 2013) is distinguishable. In that case, this Court granted a motion to amend a JTPO to add certain witnesses prior to trial. The Mhany Plaintiffs filed their motion to amend a three month-old JTPO three and half months before the trial was set to commence. Here, by contrast, the Defendants filed their motion to amend a fourteen month-old JPTO less than two months before the trial is set to commence.

Further, unlike the Defendants here, the Mhany Plaintiffs articulated a specific basis for the relevancy of the proposed witnesses. Under these circumstances, the Court cannot conclude that denying the Defendants' request to amend the JPTO to include those witnesses will work a "manifest injustice" upon them.

It is true that that there is no indication of "bad faith" or "willfulness" on the part of the Defendants in belatedly seeking the instant relief. However, the absence of any such finding is not necessarily sufficient grounds for granting that relief.

## II. CONCLUSION

The Defendants' motion to amend the JPTO is granted in part and denied in part. The Court denies that part of the motion to supplement the Defendants' list of witnesses in the JPTO with four individuals concededly not included in their Rule 26 disclosures. In this regard, the

Court finds that the Defendants have failed to establish the "prompt notice" or "good cause" under the Court's Individual Rules to do so at this late stage of the litigation and, therefore, the Court exercises its discretion under Fed. R. Civ. P. 16 and denies this request.

In addition, the Court grants that part of the Defendants' motion to amend the JPTO to remove all references and documents relating to claims voluntarily dismissed by the Plaintiff by stipulation entered December 1, 2014. The Defendants are directed to file an amended JPTO with an amended caption, consistent with this Decision and Order, within 5 days of the date of this order.

**SO ORDERED.**
Dated: Central Islip, New York
February 18, 2015

                                          *Arthur D. Spatt*
                                         ARTHUR D. SPATT
                                      United States District Judge